Honorable Mary Margaret Haugen State Senator, 10th Legislative District Chair, Municipal Research Council 1200 5th Avenue, Suite 1300 Seattle, Washington 98101-1159
Dear Senator Haugen:
By letter previously acknowledged, you have requested an opinion on the following question:
 May a code city provide by city ordinance that the chair of its LEOFF disability board, established as required by RCW 41.26.110 for cities with a population over 20,000, will always be one of the two members of the board selected from the city's legislative body, in view of the fact that state statute does not specify how the chair is to be chosen?
 BRIEF ANSWER
For the reasons discussed in the Analysis below, we answer your question in the negative. A city lacks the authority to specify how the chair of its LEOFF disability board shall be chosen.
 ANALYSIS
RCW 41.26.110(1)(a), the subject of your question, provides in relevant part as follows:
 Each city having a population of twenty thousand or more shall establish a disability board having jurisdiction over all members employed by said cities and composed of the following five members: Two members of the city legislative body to be appointed by the mayor, one active or retired fire fighter to be elected by the fire fighters employed by or retired from the city, one active or retired law enforcement officer to be elected by the law enforcement officers employed by or retired from the city and one member from the public at large who resides within the city to be appointed by the other four members heretofore designated in this subsection. . . .[1]
RCW 41.26.110(1)(a).
The boards created pursuant to this statute perform various functions with regard to administration of the Law Enforcement Officers' and Fire Fighters' Retirement System, codified in chapter 41.26 RCW.[2] Therefore, these boards are called "LEOFF disability boards." As you point out in your letter, nothing in RCW 41.26.110 specifies who shall be the chair of a disability board, or how the chair shall be chosen. Thus, you have asked whether a city, in establishing such a board as required by the statute, may by ordinance designate who shall serve as chair specifically, that the chair will be one of the two members of the city legislative body appointed by the mayor.
Your question concerns "code cities," which we understand to mean cities organized and operating under the Optional Municipal Code, Title 35A RCW. The powers of such cities are defined broadly. RCW35A.11.020 authorizes the legislative body of a code city to:
 . . . organize and regulate its internal affairs within the provisions of this title and its charter, if any . . . and to . . . establish and maintain civil service, or merit systems, retirement and pension systems not in conflict with the provisions of this title or of existing charter provisions until changed by the people. . . .[3]
RCW 35A.11.020.
RCW 35A.11.020 further provides that ". . . [t]he legislative body of each code city shall have all powers possible for a city or town to have under the Constitution of this state, and not specifically denied to code cities by law. . . ." and further that ". . . [i]n addition and not in limitation, the legislative body of each code city shall have any authority ever given to any class of municipality or to all municipalities of this state before or after the enactment of this title. . . ." RCW 35A.11.020.
The statute makes reference to the Constitution, which in relevant part provides:
 Corporations for municipal purposes shall not be created by special laws; but the legislature, by general laws, shall provide for the incorporation, organization and classification in proportion to population, of cities and towns, which laws may be altered, amended or repealed. Cities and towns heretofore organized, or incorporated may become organized under such general laws whenever a majority of the electors voting at a general election, shall so determine, and shall organize in conformity therewith; and cities or towns heretofore or hereafter organized, and all charters thereof framed or adopted by authority of this Constitution shall be subject to and controlled by general laws. . . .
Const. art. XI, § 10 (part). (Emphasis added.).
Similarly, article XI, § 11 of the Constitution provides that ". . . any county, city, town or township may make and enforce within its limits all such local police, sanitary and other regulations as are not in conflict with general laws." Const. art. XI, § 11. (Emphasis added.)
Thus, code cities have broad authority to legislate on any subject touching upon the interests of the city, but may not enact legislation inconsistent with the general laws of the state. See, e.g., General Telephone Co. of Northwest, Inc., v. City of Bothell, 105 Wn.2d 579, 716 P.2d 879 (1986); State v. City of Seattle, 94 Wn.2d 162, 615 P.2d 461 (1980); Southwick, Inc., v. City of Lacey, 58 Wn. App. 886, 795 P.2d 712 (1990).
Nevertheless, as the cited cases establish, where the state has enacted a general law on a subject, city authority to enact laws on the same subject is pre-empted unless there is room for concurrent jurisdiction. In chapter 41.26 RCW, the state has enacted a comprehensive pension plan for law enforcement officers and fire fighters. In RCW 41.26.110, the state has required certain cities to establish disability boards and has precisely prescribed the membership of such boards. The legislative scheme is to carefully balance the boards, so that two of the five members represent the employer (the city), two members represent current employees and retirees, and the fifth member, chosen by the other four, represents the general public. It would be inconsistent with this balanced legislative scheme for a city to have the power to designate the chair of the board. By the same token, the exercise of "concurrent" legislative jurisdiction by the city in this area would be inconsistent with precise choices made by the legislature.
Furthermore, the legislature has impliedly assigned to another officer — the director of Retirement Systems — the authority to adopt rules governing the operations of disability boards. RCW41.26.115(1) provides in part that:
 The director of retirement systems shall adopt rules, in accordance with chapter 34.05 RCW, under which each disability board shall execute its disability retirement duties under this chapter. The rules shall include, but not be limited to the following: . . .[4]
While we do not read this statute as requiring the director to make rules concerning such details as who shall serve as chair of a disability board, the internal organization of a board does appear to relate to the execution of the duties of a local board. As such, it could be the subject of rulemaking by the director, if the director so chose. The legislature's assignment of rulemaking power to the director is further evidence that cities were not intended to exercise legislative power over the same subjects. Accordingly, we conclude that state law precludes cities from legislating concerning the internal organization of a LEOFF disability board.
We trust the foregoing will be useful.
Very truly yours,
CHRISTINE O. GREGOIRE Attorney General
JAMES K. PHARRIS Sr. Assistant Attorney General
[1] The subsection contains a proviso providing for the continuation of firemen's pension boards and police pension fund boards previously established in first class cities only. Since your question is about code cities, which by definition are not first class cities (see, RCW 35A.01 and RCW 35.22), this proviso is not relevant to our discussion.
[2] The primary purpose of local disability boards is to act on claims for disability and either approve or disapprove them, subject to appeal and review by the Department of Retirement Systems. RCW 41.26.110(1); 41.26.115; 41.26.140.
[3] A proviso to RCW 35A.11.020 provides that:
 . . . nothing in this section or in this title shall permit any city, whether a code city or otherwise, to enact any provisions establishing or respecting a merit system or system of civil service for firemen and policemen which does not substantially accomplish the same purpose as provided . . . [the state statutes creating such systems] or enact any provision establishing or respecting a pension or retirement system for firemen or policemen which provides different pensions or retirement benefits than are provided by general law for such classes.
RCW 35A.11.020.
Thus, in the area of pensions for fire fighters and law enforcement officers, the legislature significantly narrowed the scope of code city legislative power, compared to other subject areas.
[4] The statute provides that such rules will include standards governing the type and manner of presentation of evidence before disability boards, and standards governing the necessity and frequency of medical and employability re-examinations of persons receiving disability benefits.